IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10886
Conference Calendar
_____

SCOTT WADE HOPKINS,

Plaintiff-Appellant,

versus

CHARLES BELL, Warden; JOE NUNN, Assistant Warden;
JO MATTIZA, LMIV,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-154
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scott Wade Hopkins, Texas prisoner # 639277, appeals the dismissal his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A. Specifically, Hopkins alleges that defendant Mattiza acted with deliberate indifference by forcing him to work during his 2002 Spring Break from classes he attends in prison. Hopkins asserts that Mattiza failed to follow prison procedures when completing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his work schedule, and that defendants Bell and Nunn failed to discipline Mattiza for her alleged procedural infraction.

To establish liability under 42 U.S.C. § 1983, Hopkins must demonstrate a violation of his rights secured by the Constitution or laws of the United States committed by a person acting under color of state law.  See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).  Hopkins does not have a constitutional right to a vacation from the classes he attends in prison.  Furthermore, the failure of prison officials to follow their own policies does not, without more, constitute a constitutional violation.  Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).  Accordingly, Hopkins' appeal is DISMISSED as frivolous, and his motion for the appointment of counsel is DENIED.  See 5TH CIR. R. 42.2.

Hopkins is cautioned that the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous, and this court's dismissal of the appeal as frivolous, both count as "strikes" pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Hopkins is advised that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).